**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ABDULLATIF JAMEEL HOSPITAL,**

      **Plaintiff,**

**v.**                                                                      **Case No: 8:15-cv-2160-MSS-JSS**

**INTEGRITY LIFE SCIENCES, LLC,**

      **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Summary Judgment as to Counts I and/or III, (Dkt. 9) Defendant's Response in opposition thereto, (Dkt. 15), Defendant's Motion for Summary Judgment, (Dkt. 16), and Plaintiff's Response in opposition thereto.  (Dkt. 17)  Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion for Summary Judgment as to Counts I and/or III and **DENIES** Defendant's Motion for Summary Judgment.

**I.**      **BACKGROUND**

      **a.**      **Procedural History**

On September 16, 2015, Plaintiff Abdullatif Jameel Hospital filed this action in federal court against Defendant Integrity Life Sciences, LLC asserting claims of breach of contract (Count I), conversion (Count II), and unjust enrichment (Count III) in connection with a sales agreement for medical equipment.  (Dkt. 1)

Prior to filing this action, on February 13, 2014, Plaintiff instituted a state court action alleging the same causes of action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.   (Dkt. 9-3; 16-1)   In that suit, Plaintiff also filed a Motion for Summary Judgment as to Counts I and/or III.   (Dkt. 9-3 at 1)   In a January 21, 2015 hearing, Plaintiff's motion was granted, but the judge declined to enter an executable Final Judgment until 30 days passed and after Plaintiff submitted a draft Final Judgment for the judge to enter.   (Dkt. 9-3 at 11, p. 17)   The state judge stated that entering a submitted Final Judgment after 30 days would be contingent on Defendant's not raising a valid controversy by virtue of filing a separate counterclaim.   (Id. at 11, p. 14-15)

Within the deadline prescribed by the state court, rather than allow the judgment to be entered, Defendant filed a Motion for Leave to File a Counterclaim on or about February 23, 2015.   (Dkt. 9-3 at 2; 16 at ¶ 5)   On or about March 13, 2015, Plaintiff filed a Motion to Tax [Costs] to which Plaintiff attached a proposed final judgment on Plaintiff's earlier motion for summary judgment.   (Dkt. 9-3 at 2, 4-6)   On May 28, 2015, the state court heard arguments on the motion to tax costs, but deferred ruling for a later time. (Dkt. 9-3 at 2, 15; 16 at ¶ 7)   On August 6, 2015, before an executable final judgment order was entered, Plaintiff filed its Notice of Voluntary Dismissal and subsequently brought the instant action before this Court.   (Dkt. 9-3 at 1; 16 at ¶ 9)

In its Answer to Plaintiff's Complaint in this case, Defendant generally denied all non-jurisdictional allegations and raised two affirmative defenses, res judicata and collateral estoppel, asserting that the claims and issues of this case were the same as those litigated and decided upon in state court.   (Dkt. 5 at 2-3)   On January 8, 2016,

Plaintiff filed for a Motion for Summary Judgment as to Counts I and/or III (Breach of Contract and Unjust Enrichment) on the grounds that Defendant refused to deliver the purchased product or return the purchase price.  (Dkt. 9 at ¶ 9)  In addition, Plaintiff asserts that res judicata and collateral estoppel do not apply since no final judgment on the motion for summary judgment was ever entered or signed.  (Id. at ¶ 12)  On January 29, 2016, Defendant filed a Motion for Summary Judgment claiming that the ruling at the state level represented an end to Plaintiff's claim.  (Dkt. 16 at ¶ 10)

### b.    Undisputed Facts

On or about December 9, 2012, the Parties entered into a sales agreement for an Integrity Spinal Care System 2.0 ("ISCS Machine"), a spinal decompression system sold by Defendant, for a purchase price of $68, 500.00.  (Dkt. 1-2 at 1, 15; 9-1 at 2)  The agreement included doctor training and technician installation, for which Plaintiff was obligated to pay associated expenses of $9, 000.00.  (Dkt. 1-2 at 15; 9-1 at 2)  Plaintiff paid both the purchase price for the ISCS Machine and the expenses related to training and installation of the equipment for a total payment of $77, 500.00.  (Dkt. 1-2 at 4, 6, 9) However, Defendant never delivered the ISCS Machine to Plaintiff and despite several requests, never returned the monies paid by Plaintiff.  (Dkt. 9-1 at 2, 3)

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)).  Which facts are material depends on the substantive law applicable to the case.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).    The moving party bears the burden of showing that no genuine issue of material fact exists.    Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party.    Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356).    A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial.    Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted).    The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.    Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value.").    "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."    Fed. R. Civ. P. 56(e).

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed."    S. Pilot Ins. Co. v. CECS, Inc., 52 F. Supp. 3d 1240, 1242–43 (N.D. Ga. 2014) (citing Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir.2005)).    "Cross-motions may, however, be probative of the absence of a

4

factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts." Id. at 1243 (citing United States v. Oakley, 744 F.2d 1553, 1555-56 (11th Cir.1984)).

## III.   DISCUSSION

### a. Breach of Contract and Unjust Enrichment Claims

A cause of action for a breach of contract requires a plaintiff prove: "(1) a valid contract, (2) a material breach, and (3) damages." Ferguson Enterprises, Inc. v. Astro Air Conditioning & Heating, Inc., 137 So. 3d 613, 615 (Fla. 2d DCA 2014) (citation omitted).

Here, it is undisputed that a contract for the sale and purchase of an ISCS Machine existed between Plaintiff and Defendant. Plaintiff provided an affidavit, invoices, and other relevant documents demonstrating that fact.[1] (Dkt. 1-2, 9-1) Although Defendant generally denies the existence of the contract in its Answer, Defendant has put forth no evidence to support such a denial.[2] In fact, Defendant has represented under oath that it took actions consistent with the existence of the contract. In the summary judgment motion hearing in state court, for example, Defendant, through its counsel, described its failed attempt to deliver the ISCS Machine to Plaintiff. (Dkt. 9-3 at 9, p. 8) It is

---

1 Plaintiff offered (1) an affidavit from its Managing Director attesting to the existence of the contract, (Dkt. 9-1, at 2 ¶ 5), (2) an offer letter dated August 31, 2012 from the President of Defendant detailing the terms of the agreement, (Dkt. 1-2 at 15), (3) invoices from Defendant to Plaintiff for payment for the ISCS Machine and for training and installation, (Id. at 1, 3, 8), and (4) post-contract correspondence by President of Defendant, dated October 1, 2012, acknowledging the existence of a contractual relationship. (Id. at 19-21) (stating that Defendant provided certified documents "to assist[sic] with the importation of the Integrity ISCS *recently purchased* by Abdul Latif Jameel Hospital . . .") (emphasis added)

2 Indeed, this is the same basis for the state court's preliminary grant of summary judgment in favor of Plaintiff. (Dkt. 9-3 at 10, p. 12) ("What I'm going to do is grant your Motion for Summary Judgment today. . . . [Y]ou have the requisite Affidavit in the file that says the money was sent and you didn't get anything back. Nothing has timely been presented by the Defense.")

undisputed that Plaintiff paid both the purchase price for the ISCS Machine and the costs for training and installation, but received none of the foregoing in return.   (Dkt. 1-2, 9-1) Plaintiff has presented (1) documentation of electronic payment wiring from Plaintiff to Defendant in the amounts indicated by invoices, (Dkt.1-2), and (2) an affidavit attesting that Defendant failed to deliver the ISCS Machine and failed to return payment to Plaintiff. (Dkt. 9-1)   Defendant has not presented any evidence to the contrary.   Based on these undisputed facts, absent a successful affirmative defense, Plaintiff is entitled to judgment as a matter of law on the breach of contract claim.

The Parties have also moved for summary judgment on the theory of unjust enrichment.   A prima facie claim for unjust enrichment requires a plaintiff to show: "(1) plaintiff conferred a benefit on the defendant; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." Porsche Cars N. Am., Inc. v. Diamond, 140 So. 3d 1090, 1100 (Fla. 3d DCA 2014), review denied, 157 So. 3d 1042 (Fla. 2014) (citation omitted).   Based on the undisputed facts in this case, Plaintiff has also demonstrated a prima facie case for unjust enrichment as a matter law.   Plaintiff conferred a benefit in the form of a $77,500.00 payment to Defendant and Defendant accepted and retained the payment without giving Plaintiff the ISCS Machine, training, installation, or anything else in return.   Defendant was therefore unjustly enriched and the equities favor judgment as a matter of law for Plaintiff.

The Court notes that Plaintiff may not receive recovery under both a breach of contract theory *and* unjust enrichment for damages stemming from the same underlying facts.   See Miracle Ctr. Dev. Corp. v. M.A.D. Const., Inc., 662 So. 2d 1288, 1290 (Fla.

3d DCA 1995) ("It has been said that seeking to enforce an express contract while attempting the same purpose under quantum meruit is incongruous.").  The purpose of this rule is to prevent double recovery for the same wrong.  Barbe v. Villeneuve, 505 So.2d 1331, 1332-33 (Fla.1987).  Thus, Plaintiff must choose recovery under one theory after a verdict in its favor has been entered.  Wynfield Inns v. Edward Leroux Group, Inc., 896 F.2d 483, 488 (11th Cir.1990) ("[A]n election between inconsistent remedies is made after a verdict is entered but prior to the entry of judgment"); Alvarez v. Puleo, 561 So.2d 437, 437-38 (Fla. 2d DCA 1990).

### b. Defendant's Affirmative Defenses of Res Judicata and Collateral Estoppel

It is undisputed that Plaintiff previously brought an action in state court that was virtually identical to the instant case.  (Dkt. 9 at ¶ 12; 16 at ¶ 3)  Defendant argues that the case at hand is barred by the doctrines of collateral estoppel and res judicata because Plaintiff's claims have already been litigated and decided upon in state court.  (Dkt. 16 at 3)  Plaintiff responds that no final judgment was ever entered or signed in the state court action and, thus, neither doctrine applies.  (Dkt. 9 at 2)

"In considering whether to give preclusive effect to state-court judgments under res judicata . . . the federal court applies the rendering state's law of preclusion."  CCB, LLC v. BankTrust, 552 F. App'x 963, 965 (11th Cir. 2014) (citations omitted).  Thus, here, the Court will apply Florida's law on res judicata and collateral estoppel.

In Florida, res judicata, or claim preclusion, applies when "[a] final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated."  Philip Morris USA,

7

Inc. v. Douglas, 110 So. 3d 419, 425 (Fla. 2013).    Collateral estoppel, or issue preclusion, provides that "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."    B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1303 (2015) (quotation marks and citations omitted); Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995) ("Collateral estoppel, also known as estoppel by judgment, serves as a bar to relitigation of an issue which has already been determined by a valid judgment.).    An issue is "fully litigated," when a court of 'competent jurisdiction' enters a final decision.    Lucky Nation, LLC v. Al-Maghazchi, 186 So. 3d 12, 14 (Fla. 4th DCA 2016) (citing Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977) ("The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction."); Meyers v. Shore Indus., Inc., 597 So. 2d 345, 346 (Fla. 2d DCA 1992).

Defendant claims that "case law is clear that a final judgment is not necessary for res judicata or collateral estoppel to apply," but cites no authority to support this assertion. (Dkt. 16 at 3)    Florida case law, in fact, stands for the opposite principle: "The entry of a final judgment or order is the common element that invokes the doctrines of both res judicata and collateral estoppel."    Accent Realty of Jacksonville, Inc. v. Crudele, 496 So. 2d 158, 160 (Fla. 3d DCA 1986); see State v. McBride, 848 So. 2d 287, 291 (Fla. 2003) (requiring a "final decision" for the application of collateral estoppel); Philip Morris USA, Inc., 110 So. 3d at 425 (requiring a "final judgment" for the application of res judicata).

8

Before a court issues a final order, the court is free to alter preliminary rulings made in the case. Hunter v. Dennies Contracting Co., 693 So. 2d 615, 616 (Fla. 2d DCA 1997) ("At all times prior to entry of the final order terminating an action, the trial court has inherent authority to reconsider any of its nonfinal rulings, and, if it deems it appropriate, to alter or retract them.").

Here, the Court finds that the state court never entered a final judgment in the state court action, and thus, both of Defendant's affirmative defenses necessarily fail. It is true that the judge presiding over the state court action indicated the court's inclination to grant Plaintiff's Motion for Summary Judgment during the motion hearing. (Dkt. 9-3 at 12, p. 20) However, several times during the hearing, the judge clarified that the court's judgment on the motion was not a final executable judgment. (Id. at 10, p. 12) ("Well, you are entitled to get the grant of the Motion for Summary Judgment, but that is different than having a Final Judgment that you can actually execute on."); (Id. at 11, p. 17) ("It is really not execution because there is no Final Judgment. There is nothing to execute until a Final Judgment is entered."); (Id. at 12, p. 18) ("I'm trying to sort out exactly what the Final Judgment should look like and whether it should be a Final Judgment subject to any sort of counterclaims or anything like that."); (Id. at 12, p. 20) ("[W]e will deal with the specific grounds once we get to the place where we are ready to enter a Final Judgment.")

Ultimately, the court expressly made his ruling contingent on Defendant's "ability to show any sort of offsets or counterclaims [Defendant] might have" within 30 days. (Dkt. 9-3 at 10, p.11) If a live controversy could not be shown within the allotted time, the judge stated that he would be "*willing* to enter a Final Judgment. . . ." (Id. at 10, p.13) (emphasis added). This cannot be said to be "conclusive" as to the cause of action or

9

issue presented.   See Donnell v. Indus. Fire & Cas. Co., 378 So. 2d 1344, 1346 (Fla. 3d DCA 1980) ([I]t is settled by a veritable host of Florida authorities that an order . . . which merely grants a motion and does not go further and actually . . . enter judgment for the movant is nothing more than an interlocutory one which cannot provide the foundation for a claim of res judicata.") (citations omitted).   The record is clear that in preliminarily granting Plaintiff's motion, the state court reserved its "inherent authority to reconsider any of its nonfinal rulings, and, if it deem[ed] it appropriate, to alter or retract them." Hunter, 693 So. 2d at 616.   Before a final judgment could be entered in the case, Plaintiff voluntarily dismissed the action.   (Dkt. 9-3 at 1)   Thus, neither res judicata nor collateral estoppel bars the issues or claims in this case.

## IV.    CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment as to Counts I and/or III (Dkt. 9) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (Dkt. 16) is **DENIED**.

3. Neither Party has sought summary resolution of Count II (Conversion). The Court notes that a claim for conversion "'must go beyond, and be independent from, a failure to comply with the terms of a contract.'" Lesti v. Wells Fargo Bank, N.A., 960 F. Supp. 2d 1311, 1325–26 (M.D. Fla. 2013) (citing Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008)).   In Florida, conversion is the "wrongful taking of personal property with intent to exercise an ownership which is inconsistent with the real owner's right of possession." Scantland v. Jeffry Knight, Inc., No. 8:09-CV-

10

1985-T-17TBM, 2011 WL 4530006, at *5 (M.D. Fla. Sept. 29, 2011) (citing King v. Saucier, 356 So.2d 930 (Fla. 2d DCA 1978)).   However, "when the conversion action is 'exactly coextensive with the nonperformance of an agreement between the parties,' such an action may not stand."   PNC Bank, Nat'l Ass'n v. Colonial Bank, N.A., No. 8:08-CV-611-T-24MSS, 2008 WL 2917639, at *2 (M.D. Fla. July 24, 2008) (dismissing a conversion claim where Defendant's "wrongful retention" of funds owed to the plaintiff was directly related to the breach in the plaintiff's breach of contract claim); see Medinis v. Swan, 955 So. 2d 595, 597 (Fla. 2d DCA 2007) (citation omitted) ("'Where the parties are engaged in a contractual dispute over the amount owed and no fraud is involved[,] no civil theft or conversion can occur.'"). Here, because neither party has presented any evidence of a "wrongful taking" or conduct otherwise constituting more than nonperformance of contractual duties, it would appear that Plaintiff's Conversion claim is not at issue.   Nevertheless, the Parties mention the Conversion claim in the Joint Pretrial Statement.  (Dkt. 35)   Thus, **PLAINTIFF** shall advise the Court within **seven (7) days** of the date of this Order whether this claim needs to be set for trial.

   **DONE** and **ORDERED** in Tampa, Florida, this 23rd day of September, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

11