UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDULLATIF JAMEEL HOSPITAL,

    Plaintiff,

v.                                                                 Case No: 8:15-cv-2160-T-35JSS

INTEGRITY LIFE SCIENCES, LLC,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR CONTEMPT
## AND REQUEST FOR ATTORNEYS' FEES AND COSTS

THIS MATTER is before the Court on Plaintiff's Motion for Contempt and Request for Attorneys' Fees and Costs ("Motion"). (Dkt. 63.) Previously, Plaintiff moved to compel Defendant's responses to Plaintiff's request for production in aid of execution because Defendant failed to respond to Plaintiff's request for production. (Dkt. 54.) On February 7, 2017, the Court granted Plaintiff's motion to compel in part as to Plaintiff's request that Defendant's responses be compelled, but denied Plaintiff's request for an award of attorney's fees and costs ("Compel Order"). (Dkt. 58.)

About a week after entry of the Compel Order, on February 16, 2017, the Court granted Defendant's counsel's motion to withdraw as counsel and ordered Defendant to obtain replacement counsel within thirty days. (Dkt. 62.) Therefore, Defendant was required to obtain replacement counsel by March 20, 2017. A review of the docket shows that no notice of appearance of Defendant's replacement counsel has been filed with the Court.

Plaintiff filed the Motion on March 30, 2017. In the Motion, Plaintiff states that Defendant has failed to comply with the Compel Order as it has not responded to Plaintiff's request for

production. (Dkt. 63 ¶ 5.) Therefore, Plaintiff requests an order granting the Motion and awarding Plaintiff its attorneys' fees and costs incurred in bringing the Motion. (Dkt. 63 at 2.)

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). At the time the Motion was filed, Defendant's time for obtaining replacement counsel had elapsed. Therefore, Defendant's failure to comply with the Contempt Order was not substantially justified because Defendant lacked counsel. Further, Defendant failed to respond to the Motion despite, sua sponte, being granted an extension to do so. (Dkt. 65.) As such, Defendant's failure to comply with the Contempt Order was not substantially justified, nor are there other circumstances making an award of Plaintiff's reasonable expenses, including attorney's fees, unjust. Accordingly it is

**ORDERED** that Plaintiff's Motion for Contempt and Request for Attorneys' Fees and Costs (Dkt. 63) is **GRANTED**. Within fourteen (14) days of this Order, Plaintiff shall file an affidavit regarding the amounts requested as "reasonable expenses, including attorney's fees, caused by [Defendant's] failure." Fed. R. Civ. P. 37(b)(2)(C).

**DONE** and **ORDERED** in Tampa, Florida, on May 4, 2017.

 _____
 JULIE S. SNEED
 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party